IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:21-cr-174-ECM |
| | ) | |
| LASHANA NAKIA FOREMAN | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's Motion to Reinstate Supervised Release pending Sentencing (doc. 362) filed on November 22, 2022, which the Court construes as a motion to reconsider release pending sentencing. The Defendant contends that there are "exceptional reasons why [her] detention would not be appropriate pending sentencing in this matter." (*Id.* at 1).

On October 18, 2022, a jury convicted the Defendant of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 846. Pursuant to 18 U.S.C. § 3143(a)(2), the Court ordered the Defendant remanded into custody.

"A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). Thus, the Court shall order the Defendant detained unless the Court finds by clear and convincing evidence that she is not a flight risk or a danger to the community and there are exceptional reasons why the Defendant's detention is not

appropriate.  *See United States v. Meister*, 744 F.3d 1236 (11th Cir. 2013) (terminal cancer diagnosis and chemotherapy treatment qualified as exceptional reasons.); *see also United States v. Williams*, 903 F. Supp. 2d 292, 302 (M.D. Pa 2012) (defendant's spouse's need for immediate surgery, weeks of convalescence and the need for the defendant's earnings to avoid homelessness qualified as exceptional reasons).  "Exceptional circumstances exist where there is a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. Lea,* 360 F.3d 401, 403 (2nd Cir. 2004) (internal citations omitted).  In her motion, the Defendant argues that her completion of her in-patient drug treatment constitutes an exceptional reason because the Defendant is serving the recovery community.  (Doc. 362 at 3).  The Defendant also asserts spending quality time with her children and getting her personal and financial affairs are exceptional reasons to permit her release while pending sentencing.  There reasons set forth by the Defendant do not constitute exceptional circumstances warranting her release.

    Accordingly, it is

    ORDERED that the motion to reconsider release (doc. 362) is DENIED.

    Done this the 1st day of March, 2023.

                                      /s/Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE